GRIFFIN, J.
This is the appeal of an order on post-dissolution equitable distribution of a motor vehicle. We affirm.
John Totty Johnson [“Former Husband”] and Christine G. Johnson [“Former Wife”] were married on May 9, 1986 and divorced on December 27, 2000. The final judgment makes only one reference to the parties’ vehicles:
Husband’s car is worth $12,000.00 by agreement of the parties. The Wife was recently rear ended by a reckless driver and her car was totaled. Her 1994 Toyota was replaced with insurance payment of $5,300.00 and a 2000 Toyota is now hers with a mortgage payment on a lien of $14,000.00.
No further reference to the vehicles appears in the order. The court did retain jurisdiction to modify or enforce the judgment.
On January 5, 2001, Former Wife filed a motion for rehearing concerning the final judgment, stating:
[[Image here]]
3. The Court found the parties stipulated that the value of Husband’s auto is $12,000.00. Said stipulation was conditioned upon Wife receiving from the Husband $3,323.12, in excess of insurance award proceeds for her car of $5,300. Wife never received said sum, Husband kept same.
This motion was denied. Former Wife then filed a sworn pro se motion to clarify the final judgment, specifically:
1. Valuation and distribution of automobiles. In the findings of fact (page 2, first unnumbered paragraph in the FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE) the court assumed the distribution of automobiles was concluded due to the existence of an agreement between the parties regarding the automobiles. There was no agreement reached by the parties regarding the automobiles. No evidence was submitted, or is otherwise available, to substantiate the stated valuation of the hus *1217 band’s automobile. The wife now moves the court to correct the clerical error regarding the value of the husband’s automobile to $13,763.68 and order a settlement for the automobiles. This value is supported by husband’s exhibit termed “Expenditure of Datek-on-Line Funds.” This document is the husband’s accounting for expenditures of funds he withdrew, after separation, for a jointly held Datek-on-Line investment account. As the judgment failed to clarify how the court intended for the automobiles to be distributed, the wife submits that an equitable distribution of automobiles provides the wife with $4,231.34. This offsets the value of her automobile ($5,300) against the amount of marital funds used in the payoff of the husband’s automobile.
Accordingly, she requested payment of $4,231.34 from husband. This motion was referred to a general master, who concluded that there could be no clarification of the distribution of the automobiles because there had been no distribution at all. Upon the master’s recommendation, the motion was denied.
Former Wife then filed a sworn pro se motion for post-dissolution partition of jointly titled marital property, alleging:
1. The former husband is unwilling to voluntarily allow the former wife equal use of the 1999 Toyota Camry and likewise refuses to settle the distribution of automobiles with the former wife.
2. Although referred to in the finding of fact of the FINAL JUDGMENT FOR DISSOLUTION OF MARRIAGE, there is no agreement between the parties for the dispensation of the automobiles.
3. The former wife has made exhaustive attempts both with the former husband’s attorney, Judith G. Shine, Esquire and directly with the former husband to distribute the automobiles.
4.The former husband has enjoyed, since the time of separation, exclusive use of the co-owned 1999 Toyota Camry and denies former wife’s use of same.
[[Image here]]
6. The 1999 Toyota Camry ... is registered to both parties in St. John’s County []•
This motion also was forwarded by the court. to a general master. This time, Former Wife filed a written objection to the order of referral to a general master and requested a hearing before a judge. Shortly thereafter, however, Former Wife withdrew her motion for post-dissolution partition stating that the issue of the 1999 Camry had been equitably resolved by the parties.
Former Husband then filed a motion for contempt or enforcement of judgment. He alleged that the 1999 Camry was titled in both Former Husband and Former Wife’s names with the disjunctive “or.” Without Former Husband’s knowledge or permission, Former Wife had transferred title of the car to her name alone and then took the vehicle from Former Husband’s work parking lot while he was working. He asked the court to find Former Wife in contempt and to require her either to return the vehicle or to compensate him for its fair market value.
The court apparently conducted a hearing on the motion and then entered the following order:
THIS CAUSE came before the Court upon a Motion for Contempt filed against the Former Wife for the unilateral sale of a 1999 Toyota Camry vehicle, originally assumed by the Husband to be his pursuant to the Final Judgment but specifically not distributed in the Final Judgment. Both parties had *1218 cars in each parties’ possession but the Former Wife was apparently unhappy claiming the Former Husband retained the better of the cars in the Final Judgment entered in December of 2000. On February 17, 2002, more than one year after the Final Judgment was entered in this case, the Former Wife proceeded to the Former Husband’s employment at St. Vincent’s Hospital in Jacksonville and secured the 1999 Toyota Camry and later sold it for $9,000.
In laymen’s terms, the Former Wife wants her cake and to be able to eat it too. She was unhappy that the vehicle was not “officially” equitably distributed in the Final Judgment and that the Former Husband was driving the better of the two vehicles. Subsequent to the Final Judgment, she had purchased another vehicle. Regardless, the Court should have, in a post dissolution proceeding or upon rehearing, equitably distributed the 1999 Toyota Camry. Since the vehicle sold for $9,000, the Former Husband is entitled to $4,500 plus $700 for personal items inside the vehicle, including camping equipment, $200 cash, clothing, a cell phone and charger, tools, and keys to the Former Husband’s new home and post office box. The Former Wife claims she attempted to take this property to the Former Husband but he denies the same saying she attempted to give him a small box that did not have virtually any of the items complained thereof. Additionally, since the Former Wife left the Former Husband without a vehicle to leave from work, he had to pay $50.00 for a taxi and $255.00 for a rental car for two weeks.
Cases are legion in Florida that contempt is not a viable option for equitable distribution purposes. As a result, the Former Husband is entitled to a judgment for damages in the amount of $4,500 and failure of the Former Wife to turn over the aforementioned personal property contained in the car within thirty (30) days of the date of this Order, the Former Husband’s attorney may apply for an amended judgment for damages adding $700 to the judgment. Accordingly, it is
ORDERED AND ADJUDGED AS FOLLOWS:
1. The Former Wife is to pay the Former Husband $4,500 for his equitable share of the 1999 Toyota Camry, plus $50.00 for a taxi, plus $255.00 for a rental car, for a total of $4,805.00 within thirty (30) days of the date of this Order or the Former Husband may seek a money judgment for damages against the Former Wife for failure to pay the same.
2. The Former Wife shall return all personal property to the Former Husband contained in the vehicle including, camping equipment, $200 cash, clothing, a cell phone and charger, tools, and keys to his house and post office box within thirty (30) days of the date of this Order or the Former Husband shall be entitled to an additional $700 in money damages.
3. Failure of the Former Wife to pay these sums within thirty (30) days of the date of this Order may result in the attorney for the Former Husband submitting an ex parte Judgment for money damages in the amounts indicated above at ten percent (10%) interest.
Former Wife has now appealed this order. We find no error in the appealed order and affirm. As the court noted, the ambiguity in the judgment that led to all this litigation should have been corrected when brought to the trial court’s attention by the Former Wife. We reject, however, the Former Wife’s contention that the court lacked jurisdiction to modify or enforce it *1219 subsequently, and we find no error in what was done.
AFFIRMED.
ORFINGER and MONACO, JJ., concur.